# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civ. 1:24-CV-01769-LMM-WEJ<br>)<br>) |
| SURESTE PROPERTY GROUP, LLC, SURESTE PROPERTY SERVICES, LLC, and SURESTE PROPERTY DEVELOPMENT, LLC, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## DEFENDANT'S ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW, Defendants Sureste Property Group, LLC ("Sureste Property Group"), Sureste Property Services, LLC ("Sureste Property Services"), and Sureste Development, LLC[1] ("Sureste Development") (collectively "Defendants" or "Sureste"), by and through the undersigned counsel, and file this Answer and Additional Defenses to the Complaint of Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "EEOC").

---

[1] Sureste Development, LLC is incorrectly identified as Sureste Property Development, LLC.

## INTRODUCTION

Defendants neither admit nor deny the allegations in the unnumbered Introductory Paragraph of the Complaint, which merely set forth the nature of Plaintiff's action. If and to the extent a responsive pleading is required, Defendants deny that any acts or omissions giving rise to a cause of action have occurred, or that Plaintiff is entitled to any relief. Defendants deny any remaining allegations in the unnumbered Introductory Paragraph of the Complaint.

## JURISDICTION, AND VENUE

1. Defendants neither admit nor deny the allegations in Paragraph 1 of the Complaint, as they call for a legal conclusion for which no responsive pleading is required. Defendants further deny that any acts or omissions giving rise to a cause of action have occurred, or that Plaintiff is entitled to any relief. If and to the extent that a responsive pleading is required, Defendants deny the allegations in Paragraph 1 of the Complaint.

2. Defendants neither admit nor deny the allegations in Paragraph 2 of the Complaint, as they call for a legal conclusion for which no responsive pleading is required. Defendants further deny that any acts or omissions giving rise to a cause of action have occurred, or that Plaintiff is entitled to any relief. If and to the extent

that a responsive pleading is required, Defendants deny the allegations in Paragraph 2 of the Complaint.

## FACTUAL ALLEGATIONS

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. Defendants deny the allegations in Paragraph 4 of the Complaint.

5. Defendants admit only that Sureste Development was organized under the laws of the State of Delaware with its primary place of business in Atlanta, Georgia. Sureste Development was administratively dissolved as a foreign entity in the State of Georgia. Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

6. Defendants admit only that Sureste Property Services was formerly organized under the laws of the State of Delaware with its primary place of business in Atlanta, Georgia. Sureste Property Services was withdrawn as a foreign entity in the State of Georgia. Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants deny the allegations in Paragraph 9 of the Complaint.

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

11. Defendants admit the allegations in Paragraph 11 of the Complaint.

12. Defendants admit the allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants admit that they collectively employed 15 or more employees prior to being administratively dissolved. Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17. Defendants neither admit nor deny the allegations in Paragraph 17 of the Complaint, as they call for a legal conclusion for which no responsive pleading is required. If and to the extent that a responsive pleading is required, Defendants deny the allegations in Paragraph 17 of the Complaint.

## ADMINISTRATIVE PROCEDURES

18. Defendants admit only that John Nizer ("Mr. Nizer") filed a Charge of Discrimination against Sureste Property Group on or about August 4, 2022. Defendants deny the remaining allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants admit that the EEOC issued a Letter of Determination on September 13, 2023. Defendants deny the remaining allegations in Paragraph 20 of the Complaint.

21. Defendants admit the allegations in Paragraph 21 of the Complaint.

22. Defendants neither admit nor deny the allegations in Paragraph 22 of the Complaint, as they call for a legal conclusion for which no responsive pleading is required. If and to the extent that a responsive pleading is required, Defendants deny the allegations in Paragraph 22 of the Complaint.

## STATEMENT OF FACTS

23. Defendants deny the allegations in Paragraph 22 of the Complaint.

24. Defendants Sureste Development and Sureste Property Services have administratively dissolved and no longer do business. Defendants deny the remaining allegations in Paragraph 24 of the Complaint.

25. Defendants admit only that Sureste Development made an offer to employ Mr. Nizer as a Development Manager on November 17, 2021. Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

26. Upon information and belief, Defendants admit the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore deny the same.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore deny the same.

30. Defendants admit the allegations in Paragraph 30 of the Complaint.

31. Defendants admit the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants admit the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants admit the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants admit only that Mr. Nizer's employment was terminated in June 2022. Defendants deny the remaining allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants admit only that Sureste Property Group retained Mr. Nizer as an Independent Contractor from June 13, 2022, through July 15, 2022. Defendants deny the remaining allegations in Paragraph 47 of the Complaint.

48. Defendants admit only that Mr. Nizer's employment was terminated in June 2022. Defendants deny the remaining allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants admit only that Sureste Property Group retained Mr. Nizer as an Independent Contractor from June 13, 2022, through July 15, 2022. Defendants deny the remaining allegations in Paragraph 50 of the Complaint.

51. Defendants admit only that Sureste Property Group retained Mr. Nizer as an Independent Contractor from June 13, 2022, through July 15, 2022. Defendants deny the remaining allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants admit only that Sureste Property Group retained Mr. Nizer as an Independent Contractor from June 13, 2022, through July 15, 2022. Defendants deny the remaining allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

**STATEMENT OF CLIAMS**

64. Defendant incorporates the responses in Paragraphs 1 – 63 as if set forth in full herein.

65. Upon information and belief, Defendants admit the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Complaint.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

## PRAYER FOR RELIEF

76. Answering Plaintiff's unnumbered "Prayer for Relief," Defendants deny that Plaintiff is entitled to any of the relief listed therein or to any other relief. Defendants deny the remaining allegations contained in Plaintiff's unnumbered "Prayer for Relief."

## JURY TRIAL DEMAND

77. Plaintiff is not entitled to a jury trial as to any equitable issue raised in the Complaint.

## GENERAL DENIAL

78. Except as expressly admitted above, Defendants deny the allegations contained in the Complaint.

## ADDITIONAL DEFENSES

1. The Complaint fails to state one or more claims upon which relief can be granted.

2. To the extent that any of Plaintiff's claims involve acts or events or seek damages for periods of time outside the applicable statutory limitations period, Plaintiff's claims (or damages for those claims) are barred.

3. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to fully exhaust administrative remedies.

4. Plaintiff's claims are barred, in whole or in part, to the extent they were not included within, exceed the scope of, or are inconsistent with the charge of discrimination that Plaintiff filed with the EEOC.

5. Plaintiff's claims are barred in whole or in part because Defendant(s) adopted, effectively disseminated, and enforced an anti-discrimination, anti-

harassment and/or anti-retaliation policy and Defendant(s) neither knew nor had any reason to know of the alleged acts or omissions complained of in this case.

6. Plaintiff's discrimination, harassment, and/or retaliation claims are barred in whole or in part because Defendant(s) exercised reasonable care to prevent and correct any alleged discriminatory, harassing and/or retaliatory behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant(s). *See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 765 (1998).

7. While Defendant(s) expressly deny that they or any employees under their supervision acted in any manner which constitutes unlawful discrimination or retaliation, if Plaintiff's rights were violated, such violation occurred outside the scope of employment and without the consent or knowledge of Defendant(s). Defendant(s) neither knew nor had reason to know of any such circumstance. Defendant(s) did not condone, ratify, or tolerate any such conduct, but instead prohibited such conduct. Actions entirely outside the course and scope of such employee's employment may not be attributed to Defendant(s) through principles of agency, *respondeat superior* or otherwise.

8. All employment related decisions made with respect to Plaintiff, or that affected Plaintiff, were made in good faith compliance with applicable laws and for legitimate, nondiscriminatory and nonretaliatory reasons.

9. Notwithstanding Defendant(s)' denial and defenses herein, to the extent that Plaintiff established that his alleged protected activity was a motivating factor for any challenged employment decision, which Defendant(s) deny, Defendant(s) affirmatively state that they would have taken the same action in the absence of the impermissible motivating factor.

10. To the extent Defendant(s)' actions violated any federal statute(s), which Defendant(s) deny, any such actions were not intentional, were not done with malice, and were not done with reckless indifference.

11. Any award of damages must be limited or restricted in accordance with the damages' caps set forth at 42 U.S.C. § 1981a.

12. Plaintiff's claims are barred by the doctrine of after-acquired evidence.

13. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, laches, unclean hands, ratification, release, and estoppel as to both the substantive claims and any other remedies available to them.

14. Plaintiff's claims for back and front pay damages are limited by the doctrine of mitigation.

15. Defendant(s) may not be held liable for any alleged injuries or damages resulting from the effects of Plaintiff's preexisting emotional, psychological, or physical conditions not the result of any acts or omissions of Defendant(s).

16. Plaintiff's claims are barred, in whole or in part, because none of the alleged acts or omissions of Defendant(s) were the proximate cause of the injuries allegedly sustained by Plaintiff.

17. To the extent Plaintiff seeks compensatory damages for future pecuniary losses and emotional distress, the Complaint fails to allege facts sufficient to allow recovery of such compensatory damages against Defendant(s).

18. To the extent Plaintiff is seeking an amount of punitive damages that can be deemed excessive, such a claim violates due process.

19. Plaintiff fails to allege any facts that would, if proven, provide a basis for awarding punitive damages.

20. To the extent Plaintiff seeks punitive damages, such damages are barred because the alleged acts or omissions of Defendant(s) fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious or reckless intent to deny Plaintiff his protected rights, and are not so wanton or willful as to support an award of punitive damages. Plaintiff has failed to state a claim for punitive damages under any law.

21. Plaintiff is barred from pursuing punitive damage claims because Defendant(s) have made good faith efforts to prevent discrimination and harassment in the workplace. *See Kolstad v. Am. Dental Ass'n.*, 527 U.S. 526 (1999).

22. Plaintiff is barred from pursuing claims for punitive damages because the alleged acts or omissions, if any, of Defendant(s)' agents, cannot be imputed to Defendant(s). Any such agents are not high up the corporate hierarchy and no higher management countenanced or approved any of the alleged improper behavior. *EEOC v. Exel Inc.*, 834 F.3d 1326 (11th Cir. 2018).

23. To the extent Plaintiff claims a loss of retirement, plan benefits or credits, health and welfare benefits, or any other benefits covered by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 101, *et seq.*, such claims are preempted by ERISA.

24. Plaintiff's claims are barred by the exclusive remedies provision of the State of Georgia workers' compensation laws.

25. Plaintiff's claims against Defendant(s) are barred because some or all of the Defendants were not his employer.

26. Plaintiff's claims are barred to the extent Plaintiff was an "at-will" employee subject to discharge at any time with or without cause.

27. Plaintiff's claims are barred for insufficient process and/or insufficient service of process.

28. Plaintiff is not entitled to equitable relief to the extent that Plaintiff has adequate remedies at law.

29. Defendants reserve the right to amend their Answer to respond further and to assert additional defenses as may be revealed during the course of litigation.

Respectfully submitted this 5th day of July, 2024.

                FISHER & PHILLIPS LLP

                */s/ Matthew R. Simpson*
                Matthew R. Simpson
                Georgia Bar No. 540260
                msimpson@fisherphillips.com
                JonVieve D. Hill
                Georgia Bar No. 907946
                jhill@fisherphillips.com
                1230 Peachtree Street NE, Suite 3300
                Atlanta, GA 30309
                (404) 231-1400
                (404) 240-4249 Facsimile

                *Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | Civ. 1:24-CV-01769-LMM-WEJ |
| v. | ) ) | |
| SURESTE PROPERTY GROUP, LLC, SURESTE PROPERTY SERVICES, LLC, and SURESTE PROPERTY DEVELOPMENT, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July, 2024, I electronically filed **DEFENDANT'S ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to attorneys of record.

*/s/ Matthew R. Simpson*
Matthew R. Simpson
Georgia Bar No. 540260
msimpson@fisherphillips.com
