**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**SURESTE PROPERTY GROUP, LLC,<br>SURESTE PROPERTY SERVICES, LLC,<br>and<br>SURESTE DEVELOPMENT, LLC,**<br><br>Defendants. | CIVIL ACTION NO.<br>1:24-cv-01769-LMM-WEJ<br><br>JURY TRIAL DEMAND |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Title I of the Civil Rights Act of 1991 and Title VII of the Civil Rights Act of 1964 ("Title VII"). The Commission's Complaint alleges that Sureste Property Group, LLC, Sureste Property Services, LLC, and Sureste Development, LLC (collectively "Defendants" or "Sureste") unlawfully discriminated against John Nizer ("Nizer") when they terminated him because of his race.

The Commission and Defendants (collectively "the Parties") hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before this Court.

The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; (3) no party shall contest the jurisdiction of this Court to enforce this Consent Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Consent Decree; (4) the terms of this Consent Decree are and shall be binding upon (a) the present and future representatives, directors and officers of Defendants, (b) all companies that are currently owned, operated, managed or otherwise controlled by Defendants (hereinafter "Other Sureste Companies")[1], and

---

[1] Other Sureste Companies shall be defined as: Sureste Properties LLC, Sureste Affordable LLC, Sureste Broadway Villas LLC, Sureste Capital Group LLC, Sureste Credit LLC, Sureste Partners LLC, Sureste Park Valley LLC, Sureste Hidden Valley LLC, Sureste Park Estate LLC, Sureste Langley LLC, Sureste Kings Tree LLC, Sureste Park Place LLC, Sureste College Park Holdings LLC, Sureste Enclave LLC, Sureste Park Woods LLC, Azalea Sureste Partners LLC, Magnolia Square Properties LLC, Auerbach Sureste College Park LLC, Sureste Spring Lake LLC, Sureste St. James LLC, Sureste Westwood LLC, Sureste Oak

(c) Defendants' successor companies and assigns, as defined by Title VII of the Civil Rights Act of 1964 and relevant Eleventh Circuit jurisprudence (hereinafter "Successor Companies"); and (5) this Consent Decree resolves all matters in controversy between the Parties as provided in paragraphs 1 through 21 below.

It is therefore ORDERED, ADJUDGED, and DECREED as follows:

1. During the term of this Consent Decree, any and all Successor Companies shall notify the Commission of their existence and the number of individuals employed within thirty (30) days of the entry of this Consent Decree if in existence at the time of entry of the Consent Decree, or within thirty (30) days after attaining legal operating status. If, at the time of this notification, the Successor Company has not yet hired employees, the Successor Company shall notify the Commission upon hiring the fifteenth employee.

2. Defendants, Other Sureste Companies, and Successor Companies shall not discriminate against any person on the basis of race or any other protected category within the meaning of Title VII, including but not limited to discharging an employee because of their race.

3. Defendants, Other Sureste Companies, and Successor Companies shall not retaliate against any person because of their opposition to any practice

---

Tree LLC, Forest Ridge LLC, Sureste Prosper LLC, Countess LLC, Driggers Landing LLC, and Sureste Pantherville LLC.

3

made unlawful under Title VII or because of the filing of a charge of discrimination, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under Title VII.

    4.     Defendants shall pay Nizer a total amount of $75,000.00 in settlement of the claims raised in this action. Payment shall be made within thirty (30) calendar days after the Court approves this Consent Decree. Defendants shall send the settlement check(s) to Nizer via overnight delivery at an address to be provided in writing to Defendants by the Commission. Defendants shall send to the Commission a copy of the checks and the tracking number of each envelope containing the settlement checks to Nizer.

   Neither the Commission nor Defendants shall assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Nizer may incur on such payment under local, state and/or federal law.

   The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

        a. Within ten (10) business days of the signing of this agreement, Defendants agree to provide to the EEOC (1) Defendants' EIN and (2) the individual and physical address to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required

4

to issue one. This identified individual must be an employee of Defendants.

    b. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

    c. The provision of the Form 1098-F by the EEOC does not guarantee that the requirements to claim a deduction under the Internal Revenue Code have been met.

    d. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

    e. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

5. If Nizer does not receive the payments described in Paragraph 4 above by the due date set forth therein due to a failure on the part of Defendants to properly transmit the same, Defendants shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs caused by non-compliance or delay, including but not limited to, any and all costs arising out of efforts to enforce this Consent Decree in federal court.

6. Defendants shall provide Nizer with a letter of reference using the form attached hereto as **Exhibit A**, hereby made a part of this Consent Decree. Within ten (10) business days of the entry of this Consent Decree by the Court, the

original, signed letter of reference shall be provided to Nizer at an address to be provided by the Commission. Nizer is free to disseminate the letter to potential employers. Defendants shall maintain a copy of the neutral letter in Nizer's personnel file and shall provide only the information contained in the letter to any individual who makes an inquiry about Nizer's employment.

7. Within ten (10) business days of the entry of this Consent Decree by the Court, Defendants shall remove from the employment records and personnel file of Nizer any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 410-2022-07009, including but not limited to, any and all documents reflecting or referring to the alleged race discrimination, Nizer's termination, the re-hiring of Nizer as an independent contractor, and the related events that occurred thereafter, including the filing of his EEOC Charge and this litigation. Within ten (10) business days of the entry of this Consent Decree by the Court, Defendants shall report compliance with this provision to the Commission.

8. Copies of Defendants' anti-discrimination and anti-retaliation policies shall be disseminated to all of Defendants' current employees within thirty (30) calendar days of the Court's entry of this Consent Decree. Defendants shall post a copy of the policies in each of their offices and facilities, including but not limited to, the property management offices in each building owned or operated by

6

Defendants, in a place where the policies are visible to employees. New employees shall receive a copy of the policies on or before their first day of work. Within forty-five (45) days of the entry of this Consent Decree by the Court, Defendants shall report compliance with this provision to the Commission.

      9.      Other Sureste Companies shall adopt and publish anti-discrimination and anti-retaliation policies that comprehensively inform current employees of their rights and the Other Sureste Companies' obligations under Title VII. Within ten (10) business days after entry of this Consent Decree, Other Sureste Companies shall provide copies of their anti-discrimination and anti-retaliation policies to the EEOC for review at EEOC-ATDO-decree-monitoring@eeoc.gov. Other Sureste Companies agree to amend the policies as directed by the Commission. Other Sureste Companies should assume that the policies are approved if the Commission does not respond within five (5) business days of receiving the policies. Within thirty (30) business days after entry of this Consent Decree, Other Sureste Companies shall disseminate the policies to all their current employees and post a copy of the policies in each of their offices and facilities, including but not limited to, the property management offices in each building owned or operated by Other Sureste Companies, in a place where the policies are visible to current employees. New employees shall receive a copy of the policies on or before their first day of work. Within forty-five (45) days of the entry of this Consent Decree

by the Court, Defendants or Other Sureste Companies shall report compliance with this provision to the Commission.

10. Successor Companies shall adopt anti-discrimination and anti-retaliation policies that comprehensively inform employees of their rights and the Companies' obligations under Title VII. Prior to hiring any employees, all Successor Companies shall email the Commission a copy of their anti-discrimination and anti-retaliation policies for review at EEOC-ATDO-decree-monitoring@eeoc.gov. Successor Companies agree to amend the policies as directed by the Commission. Successor Companies should assume that the policies are approved if the Commission does not respond within five (5) business days of receiving the policies. Successor Companies shall provide a copy of the policies to all new employees on or before their first day of work. Successor Companies shall post a copy of the policies in each of their offices and facilities, in a place where the policies are visible to employees.

11. During the term of this Consent Decree, Defendants, Other Sureste Companies, and Successor Companies shall provide an annual, mandatory Title VII training program to all current executives, supervisors, human resources personnel, managers, and employees. Each training program shall include, at minimum: (a) a comprehensive explanation of Title VII, including the types of conduct that constitute race discrimination, a description of what constitutes

protected conduct under Title VII, an employer's obligations under Title VII, and the laws protecting employees from race discrimination and retaliation; and (b) a detailed explanation of the procedures for (1) reporting race discrimination, racial harassment and retaliation; and (2) an employer's obligations under Title VII upon receipt of such complaints.

Defendants and Other Sureste Companies shall conduct the first training within ninety (90) days of the entry of this Consent Decree. Successor Companies shall conduct the first training within 180 days of hiring their fifteenth employee. Each subsequent training program shall be conducted by Defendants, Other Sureste Companies and Successor Companies at approximately one-year intervals thereafter. At least fifteen (15) business days prior to each program, Defendants, Other Sureste Companies and Successor Companies shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendants, Other Sureste Companies andSuccessor Companies should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) business days of submission of the agenda. Within ten (10) business days after completion of each training program, Defendants, Other Sureste Companies, and Successor Companies shall certify to the Commission the specific training which was

undertaken and shall provide the Commission with a roster of all employees in attendance.

12. Beginning within ten (10) business days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendants and Other Sureste Companies shall conspicuously post the attached Employee Notice, marked **Exhibit B**, hereby made a part of this Consent Decree, in each of its facilities (including but not limited to, the property management offices in each of building owned or operated by Defendants and Other Sureste Companies) in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendants and Other Sureste Companies shall replace it by posting another copy of the Notice. Within ten (10) business days after entry of this Consent Decree, Defendants and Other Sureste Companies shall notify the Commission that the Notice has been posted pursuant to this provision.

13. All notices to Defendants and Other Sureste Companies by the Commission pursuant to this Consent Decree shall be sent by electronic mail to Defendants' designated representative, Michael Crow, at michael@surestepg.com If at any time during the term of this Consent Decree Defendants' and/or Other Sureste Companies' designated representative changes, Defendants and/or Other Sureste Companies shall notify the Commission and provide contact information

for a new designated point of contact within fourteen (14) calendar days of the change.

  14. All notices to Successor Companies by the Commission pursuant to this Consent Decree shall be sent by electronic mail to a representative designated by the Successor Company at the time the Successor Company provides notice of its existence pursuant to Paragraph 1 with a copy to Defendants' counsel. If at any time during the term of this Consent Decree Successor Companies' designated representative changes, Successor Companies' shall notify the Commission and provide contact information for a new designated point of contact within fourteen (14) calendar days of the change.

  15. During the term of this Consent Decree, Defendants, Other Sureste Companies, and Successor Companies shall provide the Commission with reports at six (6) month intervals, with the first being due by Defendants and Other Sureste Companies four (4) months after approval by the Court of this Consent Decree, and by the Successor Companies four (4) months after hiring the fifteenth employee.  The reports will include the following information:

    a. the identities of all individuals who have complained of race discrimination or retaliation, including each person's name, address, telephone number, and position title;

    b. for each individual identified in 15.a above, explain what actions were taken in response to the individual's report of discrimination;

    c. for each individual identified in 15.a above, a statement as to whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, or promotion) since making the report; and

    d. for each individual identified in 15.c above, an explanation as to why the individual's employment status has changed.

Defendants, Other Sureste Companies and/or Successor Companies shall provide the social security number of each individual identified in response to 14.a. within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendants, Other Sureste Companies and/or Successor Companies shall send the Commission a "negative" report indicating no activity.

16. All reports or other documents sent to the Commission by Defendants, Other Sureste Companies and/or Successor Companies pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) by regular mail to:

        Marcus G. Keegan
        Regional Attorney
        U.S. Equal Employment Opportunity Commission
        Sam Nunn Atlanta Federal Center

100 Alabama Street, SW  
Suite 4R30  
Atlanta, GA 30303

17. The Commission may review compliance with this Consent Decree. As part of such review, and with reasonable advance notice, the Commission may inspect Defendants', Other Sureste Companies', and Successor Companies' premises for compliance and request copies of documents relevant to their compliance under this Consent Decree.

18. If at any time during the term of this Consent Decree the Commission believes that Defendants, Other Sureste Companies, and/or Successor Companies are in violation of its terms, the Commission shall give notice of the alleged violation to them and copy to Defendants' counsel.  Defendants, Other Sureste Companies and/or Successor Companies shall have ten (10) business days in which to investigate and provide written responses to the allegations. Thereafter, the Commission and Defendants/Other Sureste Companies/Successor Companies shall have a period of ten (10) business days, or such additional period as may be agreed upon by them, in which to engage in negotiations regarding such allegations before the Commission exercises any remedy provided by law.

19. This Consent Decree shall be in effect for a period of three (3) years from its entry by the Court.

20. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary and appropriate.

21. Each party shall bear its own costs and attorney's fees.

November 4, 2024
Date

_____
Judge, U.S. District Court
Northern District of Georgia

The Parties jointly request that the Court approve and enter the Consent Decree:

[Signatures on following page]

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

MARCUS KEEGAN
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Assistant Regional Attorney

ROBYN M. FLEGAL
Supervisory Trial Attorney

*/s/Matthew O'Brien*
Matthew O'Brien
Trial Attorney
Georgia Bar No. 825255
matthew.obrien@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St. SW, Suite 4R30
Telephone: (470) 531-4776
Facsimile: (404) 562-6905

*Counsel for Plaintiff*

SURESTE PROPERTY GROUP, LLC; SURESTE PROPERTY SERVICES, LCC; AND SURESTE DEVELOPMENT, LLC

*/s/ Matthew Simpson*
MATTHEW SIMPSON
Georgia Bar No. 540260
msimpson@fisherphillips.com

*/s/ JonVieve D. Hill*
JONVIEVE D. HILL
Georgia Bar No. 907946
jhill@fisherphillips.com

FISHER & PHILLIPS, LLP
1230 Peachtree Street NE, Suite 3300
Atlanta, GA 30309
Telephone: (404) 231-1400
Facsimile: (404) 240-4249

*Counsel for Defendants*

# **EXHIBIT A**

[Company Letterhead]

To Whom it May Concern:

     Sureste Property Group, LLC is a real estate operating company and asset management firm. Mr. John Nizer worked for our company from November 15, 2021, to June 10, 2022, as a Project Development Manager. As a Project Development Manager, Mr. Nizer's job duties included conducting market research; preparing due diligence checklists, investment memoranda, project schedules and budgets; making recommendations concerning a project's scope; managing vendors and consultants; driving design development; coordinating loan and land acquisition closings; overseeing construction; and generally ensuring the timely progress of the project's development. We wish Mr. Nizer the best in his future endeavors.

                                                   Sincerely,

                                                   [Name]

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**SURESTE PROPERTY GROUP, LLC,**<br>**SURESTE PROPERTY SERVICES, LLC,**<br>and<br>**SURESTE DEVELOPMENT, LLC,**<br><br>Defendants. | **CIVIL ACTION NO.**<br>**1:24-cv-01769-LMM-WEJ** |

# EMPLOYEE NOTICE

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Sureste Property Group, LLC, Sureste Property Services, LLC, and Sureste Development, LLC (collectively "Sureste Property Group"), in a case alleging discrimination on the basis of race. Specifically, the U.S. Equal Employment Opportunity Commission alleged that Sureste Property Group terminated an employee because of his race. As part of the settlement, Sureste Property Group agreed to pay monetary damages to the employee and to take other actions set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), genetic information, pregnancy, or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance

in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the U.S. Equal Employment Opportunity Commission.

3.   Sureste Property Group will comply with such federal law in all respects. Furthermore, Sureste Property Group will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

4.   An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination.  To locate the nearest field office, contact:

> Equal Employment Opportunity Commission
> 131 M. Street, N.E.
> Washington, DC 20507
> TEL: 1-800-669-4000
> TTY: 1-800-669-6820

5.   This Notice will remain posted for at least three (3) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2027.